UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RENA'E. STARKS,

     Plaintiff,

v.

NV ATTORNEY GENERAL, AARON D. FORD, *et al*.

     Defendants.

Case No. 2:26-cv-00680-RFB-EJY

**ORDER**
**AND**
**REPORT AND RECOMMENDATION**

Pending before the Court are Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Amended Civil Rights Complaint. ECF Nos. 1, 6. Plaintiff's IFP is complete and granted below. The Court recommends Plaintiff's Amended Complaint be dismissed with prejudice as it is barred by the statute of limitations.

**I.      Screening Standard**

When reviewing a complaint filed by a *pro se* plaintiff, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

That is, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Allegations of a *pro se* complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere

labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying … [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.    Discussion**

Plaintiff brings her claim against the Nevada Attorney General (Aaron Ford) and several employees of the Nevada Attorney General's Office including Nancy Katafias (Tort Claims Manager), Adam Woodrum (a Deputy Attorney General who apparently prosecuted a case against Plaintiff), and Raya Swift (an investigator with the Nevada AG's Office). Plaintiff alleges these Defendants violated her Fourteenth Amendment procedural due process rights when, beginning in November 2009, the "Nevada Attorney General's Office[] seized approximately $500,000 from … [her] bank account …." ECF No. 6 at 4. Plaintiff contends $15,568 in U.S. currency was also seized. *Id*. at 4-5. Plaintiff describes this as personal and business property. *Id*. at 4. Plaintiff says the money was taken without forfeiture proceedings and that Defendants have retained "custody and control of these assets for many years." *Id*. More specifically, Plaintiff states this "prolonged deprivation of … [her] funds" has gone on "for more than a decade …." *Id*. at 5.

Under the Due Process Clause of the Fourteenth Amendment, "No State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const., Amend. XIV § 1. This clause guarantees the government provide procedural due process when it dispossesses an individual of a liberty or property interest. *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965). To state a claim for procedural due process, a plaintiff must show: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of process." *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). The amount of process required varies depending on the circumstances; however, courts generally rely on the following factors: the private interest that will be impacted by the government's actions; the risk of an erroneous deprivation and the probable value of additional or substitute procedural safeguards; and the government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976).

Plaintiff's claim clearly alleges the State, through its employees, seized and has kept her personal property – money from bank accounts – for many years. Indeed, as stated by Plaintiff, the claim, which commenced in November 2009, and the right to recovery, arises from the State having kept her property for more than a decade. Civil rights action brought under 42 U.S.C. § 1983 are characterized as personal injury claims for statute of limitations purposes. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). The state statute of limitations for such injuries in which the district court sits applies. *Owens v. Okure*, 488 U.S. 235 (1989). As explained in *Nevada Yellow Cab Corporation v. State of Nevada*, 521 P.3d 418 (Table), 2022 WL 17367603, at **1-2 (Nev. Dec. 1, 2022), Plaintiff's "claim falls squarely within NRS 11.190(3)(c)," which provides a three year statute of limitation to "[a]n action for taking, detaining or injuring personal property." *Id*. at *2 (emphasis removed) (internal citation omitted). However, if Nevada's catchall statute of limitations is properly applied, NRS 11.220 provides four years within which to bring a claim. *Owens*, 488 U.S. at 249-50 ("We accordingly hold that where state law provides *multiple* statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions.") (emphasis added). Under federal law, the statute of limitations begins to run when a plaintiff knows or has reason to know of the asserted injury. *Action Apartment Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026-27 (9th Cir. 2007). Given that Plaintiff states

Defendants "seized" the money she seeks returned from her bank accounts more than a decade ago, the Court finds the claim is time barred and no amendment can cure this defect.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER RECOMMENDED that Plaintiff's Complaint (ECF No. 6) be DISMISSED with prejudice.

Dated this 4th day of June, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).